ALLIED MUTUAL INSURANCE COMPANY, appellant, v. FARM BUREAU MUTUAL INSURANCE COMPANY, appellee.

No. 51449.

(Reported in 131 N.W.2d 798)

DECEMBER 15, 1964.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

Lehmann, Hurlburt, Blanchard & Cless, of Des Moines, for appellee.

PETERSON, J.—This is an action in which plaintiff is suing defendant for contribution in connection with $21,500 paid out by plaintiff in settlement of three cases growing out of the same accident, which happened on May 23, 1961. Trial court found in favor of defendant and dismissed plaintiff's petition. Plaintiff appealed.

The only question in the case is whether the wording of the policies of the two companies is such that defendant was liable pro rata or equally with plaintiff as to items paid out in accordance with a liability insurance case.

I.  Plaintiff issued an automobile liability insurance policy to Miles L. Webster of Minburn, Iowa, effective for one year after November 22, 1960. The policy provided for a limit of $50,000 for injury or death in a single accident and a limit of $10,000 property damage. The policies specifically covered a 1960 International truck owned by Mr. Webster. There was an

102

insuring agreement upon the policy including Webster's driver, John Philip Welch. Mr. Welch had been involved in an unrelated automobile accident and was required to have insurance in order to obtain a chauffeur's license. On March 19, 1959, Mr. Welch made application for a policy of insurance with defendant. Defendant issued such policy. A nonownership endorsement bearing date of July 15, 1959, was thereafter attached to the policy. The policy issued by defendant provided for $10,000 coverage as to Mr. Welch for injury or death of a single person and $20,000 coverage for injury or death of more than one person and $5000 property damage limits. Defendant issued the policy under the provisions of Motor Vehicle Financial Responsibility Act which appears as chapter 321A of the 1958 Code. In connection with issuing the policy defendant filed a safety responsibility form 22 with the Department of Public Safety of the State of Iowa. The policy was denominated as an excess coverage policy.

On May 23, 1961, while Mr. Welch was operating Webster's truck, with Webster's knowledge and consent, in Polk County, Iowa, a collision occurred with a three-wheeled motorcycle owned by Brower Construction Company of Sioux City and operated by Benny Milton Copple. Copple's injury resulted in his death.

The administrator of the estate of Copple filed an action in the District Court of Polk County against Welch and Webster for the death of Copple. Plaintiff demanded that defendant join in defending said action, but defendant refused so to do. Plaintiff thereupon negotiated a settlement of the claims and obtained a dismissal of the litigation. Plaintiff demanded that defendant contribute a pro rata share on the settlement, which defendant refused.

Plaintiff made payment to the Copple estate of $18,000; to the parents of deceased, $3000; to Brower Construction Company to settle the damages as to the motorcycle, the sum of $450, or a total amount of $21,450.

Defendant waived any defense on the question of the coverage and settlement and payment made as to the said claims and waived any defense that plaintiff acted as a volunteer in settlement and payment of the claims.

II. As to the legal questions involved in the instant case same were fully and exhaustively considered by this court in Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co., 254 Iowa 68, 116 N.W.2d 434.

In the LeMars case plaintiff issued a policy to Mrs. Helen Jenkins. The limits of liability were $10,000 to each person injured bodily, $20,000 for each occurrence of bodily injuries and $5000 property damage. Mr. and Mrs. Dies and daughter, and Mr. and Mrs. Carlson were injured in an automobile collision between a Plymouth car owned by Mr. Dies and the Ford car owned by Mrs. Helen Jenkins. Plaintiff paid such five injured persons a total of $12,084.87. The policy issued to Mrs. Jenkins also covered Charles Jenkins, her husband.

Defendant issued a policy to Charles Jenkins covering any automobile not owned by him with similar limits as the policy held by Mrs. Jenkins. The policy issued by defendant to Charles Jenkins was issued under the Motor Vehicle Financial Responsibility Act, chapter 321A, Code of 1958. Prior to the issuance of this policy, Mr. Jenkins' license had been suspended.

Prior to settlement by plaintiff it had requested defendant to enter into negotiations with it and to pay a share of the settlement, but defendant declined. The policy had a provision for excess insurance, which was commonly called an excess clause.

It will readily appear that the facts in the LeMars case were almost identical with the facts in the case at bar.

On the basis of our decision in the LeMars case two later decisions have been made. One was made by this court and is Burcham v. Farmers Insurance Exchange (1963), 255 Iowa 69, 121 N.W.2d 500. The other is a federal case in the northern district of Iowa called American Universal Insurance Co. v. Dykhouse, 219 F. Supp. 62. In the Burcham case at page 73 of 255 Iowa we said:

"The basis for so holding is not always clear. It may, however, be justified on what is a rational basis of the intent of the insurance industry in its use of such clauses to set up order of payment and limit amounts payable to prevent double recovery. In the typical situation above the owner's policy covers both the driver and owner, while the driver's policy covers only the driver

and not the owner. From this the owner's insurance is called the primary policy and is other similar insurance or other valid and collectible insurance to the amount of its policy limit. *The pro rata clause in the owner's policy is disregarded and effect given the excess clause in the driver's policy.*" (Emphasis ours.)

An illuminating and helpful statement appears in the Dykhouse case, page 68 of 219 F. Supp., as follows: "The majority rule is that the insurer of the named insured who owns the automobile is liable up to the limit of its policy and the insurer of the named insured to whom the automobile was non-owned *is liable only as to the excess over the limits of the other policy. In this case, that means that American Universal Insurance Company may be liable up to the limits of its policy and that Motor Vehicle Casualty Company may be liable, if any, only to the amount which the liability may exceed the limits of the American Universal policy.* Stated differently, the Motor Vehicle Casualty insurance is not other valid and collectible insurance within the meaning of those terms in the American Universal policy. This is the majority rule which has been adopted in Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214 (8th Cir., 1961) ; Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co. [254 Iowa 68], 116 N.W.2d 434. The cases are annotated in 76 A. L. R. [2d] 502." (Emphasis ours.)

The question also had consideration in Couch on Insurance, Second Ed., Volume 12 at page 635. The statement made in Couch was as follows: "A provision in an automobile liability policy that the insurance provided by the policy shall be regarded as excess insurance in respect of other valid and collectible insurance, so long as rights of injured third parties are not adversely affected, is not in conflict with the motor vehicle financial responsibility law and is a permissible provision under it and is valid as between two insurers covering the same risk."

In support of the Couch statement is the case of Citizens Casualty Co. of New York v. Allied Mutual Insurance Co., 217 Md. 494, 505, 144 A.2d 73, 79, in which case appears the following language: "A provision that the insurance granted by a policy shall be regarded as excess insurance in respect of other valid and collectible insurance is nothing new or unusual. So

long as the rights of injured third parties are not adversely affected, the remedial purpose of the Act is neither defeated nor impaired, and we see no reason why this provision should be regarded as in conflict with the Act or why its validity should be denied in a case such as this. On the contrary, we think it is a permissible provision under Section 131(b)(5), and that it is valid as between the two insurers covering the risk here involved."

If we supported the request of appellant it would mean overruling the LeMars case and the other cases supporting same. We are not prepared to do this, and in fact we support and concur in the provisions of the LeMars case and other cases based upon its ruling.

Appellant also urges if we cannot support pro rata payment that we hold that the two companies carried the liability jointly and each should pay one half of the damages. Defendant's policy was in truth and in fact excess coverage policy and there is no basis upon which to establish joint liability.

It is plaintiff's position that the provisions of chapter 321A, the Motor Vehicle Financial Responsibility Act, makes defendant primarily liable and defendant cannot escape primary liability by provisions in the policy providing for excess coverage only. We also answer this argument in Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co., 254 Iowa 68, 76, 116 N.W.2d 434:

"We find nothing in defendant's policy that violates chapter 321A. The act does not require the insurance issued thereunder to be what is frequently called primary insurance, rather than secondary. Indeed section 321A.21, subsection 10, states, 'The requirements for a motor vehicle liability policy may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements.' Defendant would be liable under this policy for the entire loss if other valid and collectible insurance were not available to Jenkins. Availability of such other insurance under the policy issued by plaintiff is what limits defendant's liability to that of excess insurer.

"The obvious purpose of chapter 321A is to protect the public from financial irresponsibility of motorists upon our streets and highways. That purpose has been accomplished here.

The injured persons have been paid. The question whether particular insurance is primary or excess is not here a matter of public concern but a concern of the companies which have extended coverage to the risk.

"See in support of the views expressed in this division: Cosmopolitan Mutual Ins. Co. v. Continental Casualty Co., 28 N. J. 554, 147 A.2d 529, 69 A. L. R.2d 1115, 1121; Continental Casualty Co. v. Weekes, Fla., 74 So.2d 367, 46 A. L. R.2d 1159, 1163. Nothing herein is contrary to anything said or held in Savery v. Kist, 234 Iowa 98, 112, 11 N.W.2d 23, 29, 30."

The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.