IMPERIAL CASUALTY AND INDEM-
NITY COMPANY, Plaintiff,

v.

MUTUAL FIRE AND AUTOMOBILE IN-
SURANCE COMPANY, Defendant.

Civ. No. 6–1749–C–1.

United States District Court
S. D. Iowa,
Central Division.

Feb. 28, 1966.

---

Ray H. Johnson, Jr., Des Moines, Iowa, for plaintiff.

Clyde Putnam, Jr., Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This declaratory judgment action was instituted by the plaintiff, Imperial Casualty and Indemnity Company (hereinafter referred to as Imperial Co.) against the defendant, Mutual Fire and Automobile Insurance Company (hereinafter referred to as Mutual Co.) to obtain a declaration of the rights and liabilities of both parties with respect to two insurance policies—one issued by Imperial Co. and the other issued by Mutual Co. The defendant has filed a counterclaim seeking a declaratory judgment on the same two policies. The claims contained therein will be considered in determining the plaintiff's action for declaratory judgment. Jurisdiction has been established through diversity of citizenship and involvement of the requisite jurisdictional amount.

On May 26, 1964, John W. Jones (insured by the defendant, Mutual Co.) and the Hunt Truck Lines, Inc. (insured by the plaintiff, Imperial Co.) entered into a lease agreement whereby Hunt Truck Lines, Inc. (hereinafter referred to as Hunt, Inc.) leased a tractor and a semitrailer owned by Jones to haul certain cargo from Chicago, Illinois to Sioux Rapids and Sibley, Iowa, and to Sioux Falls, South Dakota. On May 27, 1964, pursuant to the terms of the leasing agreement, Jones was operating his equipment near Zearing, Iowa. At this time and place, Jones was involved in a highway collision with Jasper A. Smith of Minneapolis, Minnesota. Jones was operating his equipment under the Interstate Commerce Commission Permits of Hunt, Inc. at the time of the collision. As a result of this collision, two suits in the Iowa District Court have been instituted against Jones for personal injuries and property damage. The suit herein seeks to ascertain what insurance coverage was in effect at the time of the collision.

The insurance policies of both the plaintiff (Imperial Co.—insuring Hunt, Inc.) and the defendant (Mutual Co.— insuring Jones) were in effect at the time of the collision. The primary controversy herein concerns the interpretation of two clauses—one in the plaintiff's policy and the other in the defendant's policy.

Paragraph 20 of the defendant's policy provides as follows:

"Other Insurance—Coverages A, B, D, E, F, G, H, I and J: If the insured has other insurance against a loss covered by this policy the company *shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability* of all valid and collectible insurance against such loss; provided, however, under coverages A and B the insured with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance." (Emphasis added).

Paragraph 11 of the plaintiff's policy provides as follows:

"(11) Other Insurance
If there is other insurance against an occurrence covered by this policy, this insurance shall be deemed *excess insurance over and above* the applicable limits of all such other insurance." (Emphasis added).

The clause in the defendant's policy is commonly referred to as a pro-rata clause while the one in the plaintiff's policy is known as an excess clause.

The Court is governed in this matter by Iowa law. It appears to be well settled that, under Iowa law, when two insurance policies appear to extend insurance coverage to the same event and one contains an excess clause and the other contains a pro rata clause, the policy containing the pro rata clause will be deemed to provide primary insurance coverage while the policy containing the excess clause is only required to provide coverage beyond the limits of the other policy. Allied Mutual Insurance Co. v. Farm Bureau Mutual Insurance Co., 131 N.W.2d 798 (Iowa 1964); Motor Vehicle

Casualty Co. v. LeMars Mutual Insurance Co., 254 Iowa 68, 116 N.W.2d 434 (1962).

■ The basis and logic for such a position was discussed by Judge Nordbye when he interpreted the Minnesota law on this subject in National Indemnity Co. v. Lead Supplies, Inc., 195 F.Supp. 249 (D.Minn.1960), aff'd, Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214 (8th Cir. 1961). The defendant relies heavily upon cases interpreting Oregon law in urging that the plaintiff and defendant herein are actually co-insurers. General Insurance Co. v. Saskatchewan Government Insurance Co., 238 Or. 8, 391 P.2d 616 (1963); Lamb-Western v. Oregon Insurance Co., 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959); See also Travelers Insurance Co. v. Peerless Insurance Co., 287 F.2d 742 (9th Cir. 1961). These cases definitely represent the minority viewpoint and are not persuasive upon this Court either in terms of logic or precedent. The Iowa law on this point is clear and must be followed by this Court. Unless the additional contentions of the defendant now to be discussed compel otherwise, the defendant herein must be regarded as the primary insurer while the plaintiff has only provided coverage beyond the limits of the defendant's policy.

■ The defendant herein is apparently attempting to invalidate any application of Iowa cases to the present case by emphasizing language in some cases to the effect that the pro rata clause in the *owner's* policy is to be disregarded and effect given to the excess clause in the *driver's* policy. See American Universal Insurance Co. v. Dykhouse, 219 F.Supp. 62 (N.D.Iowa 1963); Burcham v. Farmers Insurance Exchange, 255 Iowa 69, 121 N.W.2d 500 (1963). The defendant then emphasizes the fact that the leasing agreement herein placed Jones' equipment in the exclusive use, possession and control of Hunt Co. at the time the equipment was involved in the highway collision. Although the lease placed some incidents of ownership temporarily in Hunt Co., the ultimate owner-

ship of the equipment remained in Jones. Thus, even if the Iowa cases are applicable only when the pro rata clause is in the owner's policy, they would still be controlling in the matter now before the Court. Moreover, it appears to this Court that even if the pro rata clause were contained in the non-owner's policy and the excess clause were in the owner's policy, the Iowa decisions would be applicable. The fact that the pro rata clause is in the owner's or the non-owner's policy is not the controlling factor.

■■ The defendant herein contends that the excess clause contained in plaintiff's policy does not apply in this instance because the insurance coverage of that policy was extended to include leased vehicles through an endorsement which was added to plaintiff's policy. Since there is no provision in the endorsement to the effect that it provides only excess coverage when other insurance policies are involved, the defendant reasons that there is no excess clause in effect when leased vehicles are being covered by plaintiff's policy. It is a general rule, however, that an endorsement attached to an insurance policy is a part of that policy and the provisions of the endorsement and those of the body of the policy are to be construed together and harmonized if possible. Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Company, supra, 116 N.W.2d at 437. There is no inconsistency or conflict involved in construing the excess clause contained in the plaintiff's policy in conjunction with the endorsement concerning leased vehicles. The excess clause is clearly applicable when the insurance coverage of plaintiff's policy is extended to leased vehicles.

■ It is also contended by the defendant, Mutual Co., that its policy did not extend coverage to the highway collision in which Jones was involved because of the "Truckman—Farm to Market" clause which provided:

"4. The insurance does not cover an insured, except with respect to private passenger automobiles, any person or organization, or any agent, employee,

**910**

or contractor thereof, other than the named insured, who is required to carry automobile liability insurance under any motor carrier law because of transporting property for the named insured or for others."

This clause is inapplicable to the circumstances under which Jones' equipment was being operated at the time of the collision. It was Hunt Co., not Jones, who was required to carry liability insurance under a motor vehicle law. Moreover, the clause specifically states that the "named insured" is not included in that class of individuals excluded from coverage under the "Truckman—Farm to Market" exclusion. There is clearly no merit in the defendant's contention that this clause exempts it from any liability in this instance. Jones was within the insurance coverage of the defendant's policy at the time of the collision.

The final contention of the defendant is founded upon the theory of estoppel. On October 21, 1964, the plaintiff notified the defendant in a letter (defendant's Exhibit C) that it had concluded that the insurance coverage and the handling of litigation arising from the collision involved herein should be assumed by Imperial Co. (plaintiff). The defendant then turned over its investigative reports to the plaintiff. As evidenced by the lawsuit herein, the plaintiff subsequently changed its position. There has been no showing that the plaintiff's change of position resulted in harm or prejudice to the defendant. The change was apparently induced by the plaintiff adopting a new position relating to the legal effect of certain clauses in the insurance policies. Under these circumstances it appears that the plaintiff is not estopped from advancing the claims or contentions he is making herein.

The foregoing shall constitute the Court's finding of facts and conclusions of law. Judgment will be entered in favor of the plaintiff, Imperial Casualty and Indemnity Company at defendant's cost. The defendant's counterclaim shall be dismissed.