Frederick C. PRIESTER, Plaintiff,

v.

VIGILANT INSURANCE CO., and Fire-
man's Fund American Insurance
Companies, Defendants.

Civ. No. 3-713-D.

United States District Court
S. D. Iowa,
Davenport Division.

March 13, 1967.

John E. McCracken, Davenport, Iowa, for plaintiff.

Caryl W. Garberson and James H. Carter, Cedar Rapids, Iowa, for defendant Vigilant Ins. Co.

James W. Crawford and Gene V. Kellenberger, Cedar Rapids, Iowa, for defendant, Fireman's Fund American Ins. Companies.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of the plaintiff for a summary judgment on his complaint against Vigilant Insurance Company and Fireman's Fund American Insurance Companies. Plaintiff also seeks to strike the demand of defendant Vigilant Insurance Company (Vigilant) for a jury trial on all issues of fact raised herein. Defendant Fireman's Fund American Insurance Companies (Fireman's) has filed a motion for summary judgment on Division II of plaintiff's complaint. In addition, Fireman's has filed a motion for summary judgment on its cross-claim against Vigilant. These motions involve related issues and will therefore be considered together.

On July 12, 1964, Frederick Priester was involved in an automobile collision. Priester was operating a car owned by William H. Webb, Sr. at the time of the collision. At this time, Priester was insured by Fireman's and Webb was insured by Vigilant. Three separate lawsuits arose out of the accident: Helen Moreno commenced a suit against Priest-

er and Webb, Sr. in the United States District Court for the Northern District of Iowa (Suit I), Betty Moreno commenced an action against the same defendants in the District Court of Iowa in and for Linn County (Suit II), and Lee Moreno, Bronson Moreno, Lynnie Moreno and Sharon Moreno filed a joint action against Priester and Webb, Sr. in the District Court of Iowa in and for Linn County (Suit III). The plaintiff sought $50,000 in Suit I. A jury verdict of $23,750 was awarded plaintiff against both defendants. This judgment has been fully satisfied by Vigilant. The plaintiff in Suit II asked for damages in the amount of $75,000. After Webb, Sr. was dismissed from this case when Vigilant paid the plaintiff $10,000 in exchange for a covenant not to sue, the jury returned a verdict against Priester in the amount of $20,505.50. In Suit III, the plaintiffs sought damages in the total amount of $47,500. This case was dismissed after Priester's attorney obtained a covenant not to sue from all the plaintiffs for $3,000. Claiming that at the time of the accident he was an insured under the terms of both Vigilant's and Fireman's policies, Priester made demands upon both insurance companies to defend him in the lawsuits filed against him as a result of the accident and to pay any judgments entered against him in the actions. Both insurance companies denied coverage and refused to defend Priester in the lawsuits. The companies also refuse to pay the judgments subsequently entered against Priester in two of the lawsuits and the $3,000 settlement negotiated in the third suit. In the instant action Priester seeks to recover from Vigilant and Fireman's an amount equivalent to the total of (1) the two judgments entered against him in previous lawsuits, (2) the negotiated settlement in the third suit and (3) Twenty Thousand Dollars ($20,000) in attorney fees and other expenses incurred in defending the three lawsuits.

█ Motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 have been made by two parties in this action. In considering the motions, the Court is mindful that summary judgment is an extreme remedy and should be awarded only when clearly warranted. Such relief will be entered only if the pleadings and admissions on file, accompanied by any relevant affidavits, demonstrate that there is no genuine issue as to any material fact involved in the lawsuit and that all remaining issues may be resolved as matters of law.

Plaintiff Priester premises his motion for summary judgment on two grounds: (1) Vigilant and Fireman's violated their duty to defend him which arose under the provisions of their respective insurance policies and are therefore liable for judgments subsequently entered against him, (2) under the doctrine of res judicata, it must now be determined that he was an insured within the terms of Vigilant's and Fireman's policies at the time of the accident.

██ In the insurance policy issued to William H. Webb, Sr., Vigilant agreed to "defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fradulent." The policy of insurance issued to Priester by Fireman's contains a similar provision. An insurer's duty to defend the defendant in a certain lawsuit generally is determined by the allegations contained in the complaint. Fireman's Fund Ins. Co. v. Dunlap, 317 F.2d 443 (4th Cir. 1963); 50 A.L.R.2d 461. An insurer's duty to defend arises when the complaint alleges facts which, if proven, would make the defendant in the lawsuit an insured under the insurance policy involved. The duty to defend arises even though the allegations of the complaint may ultimately be determined to be untrue. It appears to the Court that the "duty to defend" clause contained in both Vigilant's and Fireman's policies clearly sets out their obligation in this area. Each company would have been obligated to defend Priester if, under the fact allega-

tions contained in the complaints filed against him, he was an insured within the terms of its respective policy.

▮ Vigilant's policy insures any person operating the insured automobile with the permission of the named insured (William H. Webb, Sr.). Fireman's policy insures the named insured (Frederick Priester) while operating a non-owned automobile so long as the use of such an automobile is with the permission of the owner. In each of the three complaints initiating an action against Priester and Webb for injuries resulting from the automobile collision which occurred while Priester was operating the automobile owned by Webb, the respective plaintiff alleged that Priester was operating the automobile with Webb's consent at the time of the accident. Such an allegation, if proven, would place Priester within the purview of the definition of "Persons Insured" contained in both Vigilant's and Fireman's policies.[1] However, even though both policies contain similar provisions on this point, the duty of Vigilant and Fireman's to defend Priester was not similar due to other provisions in the policies.

▮ The provision contained in Vigilant's policy relating to "other insurance" provides as follows:

> *Other Insurance:* If the insured has other insurance against a loss covered by Part I of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile

shall be excess insurance over any other valid and collectible insurance.

A similar provision is contained in Fireman's policy. On the basis of the "other insurance" clauses in the policies and the facts alleged in the complaints originally filed against Priester and Webb, Vigilant's pro rata clause was in effect at the time of the accident while Fireman's excess clause was applicable. The effect to be given the clauses in this instance is governed by Iowa law. It now appears to be well settled that, under Iowa law, when two insurance companies extend coverage to the same accident and one contains an applicable excess clause while the other contains an applicable pro rata clause, the policy having the applicable pro rata clause will be deemed to provide primary insurance coverage and the policy containing the applicable excess clause is required to provide only coverage extending beyond the limits of the other policy. Imperial Casualty and Indemnity Co. v. Mutual Fire and Automobile Ins. Co., 252 F.Supp. 906 (S.D.Iowa 1966); Allied Mutual Ins. Co. v. Farm Bureau Mutual Ins. Co., 257 Iowa 100, 131 N.W.2d 798 (1964); Motor Vehicle Casualty Co. v. LeMars Mutual Ins. Co., 254 Iowa 68, 116 N.W.2d 434 (1962). Thus, although under the factual allegations of the original complaints Priester was an insured within the terms of Fireman's policy at the time of the accident, the insurance coverage of that policy was operative only to the extent that damages arising from the accident exceeded the policy limits of the insurance coverage provided by Vigilant. The limits of insurance coverage provided by the Vigilant policy were $300,000 for total damages arising out of an accident and $100,000 for damages to an individual. The damages sought in the three suits which arose

---

1. In resisting plaintiff's motion for summary judgment insofar as it was based upon the doctrine of res judicata, defendant Vigilant contends that the meaning of consent under Iowa's owners liability statute differs from the term "permission" as it is used in an insurance policy.

Although this contention will be discussed further in considering the issue of res judicata, the Court finds at this point that an allegation of consent equates with permission insofar as such an allegation is relevant in determining an insurer's duty to defend.

out of the accident were as follows: Suit I—$50,000, Suit II—$75,000, Suit III —$47,000. The damages being sought in these lawsuits were within the policy limits of Vigilant's insurance coverage. Even if the full amount sought in each action would have been recovered, Fireman's would not have been obligated to pay any portion of the subsequent judgments. Fireman's was an excess insurance carrier which could have no liability resulting from the three lawsuits filed against Priester. It therefore had no duty to defend Priester in the lawsuits. On the other hand, under the allegations of the complaints filed against Priester, he was an insured within the terms of Vigilant's policy. Vigilant was the primary insurer and obligated to defend Priester in the actions filed against him as the result of the accident.[2] Its failure to do so was a violation of its duty to defend Priester which rendered it liable for any judgments entered against Priester and reasonable attorney fees incurred in the defense of such actions.

Vigilant's primary contention in resisting the motions for summary judgment has been that Priester was not an insured within the terms of its policy at the time of accident and, since any determination of such a matter would involve a material issue of fact, a motion for summary judgment is inappropriate at this time. In supporting its position, Vigilant relies upon McCann v. Iowa Mutual Liability Ins. Co., 231 Iowa 509, 1 N.W.2d 682 (1942). In this case, the Supreme Court of Iowa found that the question of insurance coverage under defendant's policy had not arisen in a prior action involving a determination that the negligence of the driver of insured's car caused the accident; there-

fore, the prior action was not res judicata of issues relating to whether the policy involved extended insurance coverage at the time of the accident. It must be noted that in the original *McCann* case the key issue as to whether the policy extended coverage at the time of the accident—no coverage if car being operated in violation of law as to age—was not decided. This is the crucial distinguishing point when the *McCann* case is compared to the instant action.

Vigilant's insurance policy contained the following provision:

> Persons Insured: The following are insureds under Part I (the liability provisions of the policy):
>
> (a) With respect to the owned automobile,
>
> (1) the named insured and any resident of the same household,
>
> (2) any other person using such automobile, provided the actual use thereof is *with the permission of the named insured* (William H. Webb); (emphasis added)

Priester's status as an insured under Vigilant's policy depends upon whether he was operating the vehicle at the time of the accident with the permission of Webb. In submitting the case of Helen Moreno v. Webb and Priester to the jury, the Court instructed the jury on the issue of consent as follows:

### INSTR. NO. 4

The plaintiff in this case claims damages for personal injuries alleged to have been suffered as the proximate result of defendant Priester negligently driving defendant Webb's car into the rear of the car in which plaintiff was a passenger.

---

**2.** The fact that in this instance Vigilant was obligated to defend Priester's co-defendant Webb did not relieve it of its obligation to defend Priester. If a conflict of interest actually existed between Webb and Priester, separate counsel could have been hired for each defendant. When facts alleged in a complaint give two defendants a right to be defended by the same insurance company, that company is not entitled to provide counsel for one and not the other merely on the basis that a possible conflict may develop between the defendants during the course of the trial.

Plaintiff has established by a preponderance of the evidence the following:

1. That defendant Priester was negligent in driving the car owned by defendant Webb into the rear of the car in which plaintiff was a passenger.

2. That defendant Priester's negligence was the proximate cause of plaintiff's injuries and consequent damages.

3. That plaintiff was free from contributory negligence.

Plaintiff claims that at the time of the collision, defendant Priester was driving defendant Webb's car with the consent of defendant Webb, which claim is denied by defendant Webb.

Plaintiff further claims that because of her injuries, she has sustained damages in the sum of $50,000.00, which is denied by both defendants Priester and Webb.

The only remaining issues for you, the jury, to decide are:

1. At the time of the collision, was defendant Priester driving defendant Webb's car with the consent of defendant Webb?

2. What was the extent of plaintiff's damages?

## INSTR. NO. 6

In considering the claim of plaintiff against the defendants, negligence on the part of the driver is chargeable not only against the driver but also against the owner if the car was being driven with the owner's consent. Here, there is no evidence that defendant Priester express consent to use his car at the time of the collision.

When ownership of a car is established at the time of an accident, there is a presumption or inference that the car was operated with the consent of the owner. This presumption or inference of consent is not a strong one and may be opposed by denial of the owner, supported by sufficient evidence, that such operation was with his consent. The burden of proof remains with the plaintiff to prove by a preponderance of the evidence that the car was being driven with the owner's consent.

"Owner's consent", as used in this instruction, may be implied from all the facts and circumstances in the case.

Implied consent is that which arises out of the conduct of the parties and the circumstances surrounding their actions. It results from such actions and may be found where the course of conduct of the parties is such as to manifest assent to or acquiescence in the act in question.

If you find that the actions and conduct of defendant Webb are such as to signify his assent to the delegation of the use of the car in question to defendant Priester then you should find such use was with the implied consent of defendant Webb. If, however, you do not find those necessary conditions then you cannot find such implied consent.

The jury returned a verdict for Moreno against both Webb and Priester. Implicit in such a verdict was a finding that at the time of the accident Priester was operating the vehicle with the consent of Webb. The issue now arising is whether such a jury determination renders the question regarding Priester's status as an insured under Vigilant's policy res judicata. In other words, does a prior determination of consent under Iowa Code, § 321.493 [3] operate to preclude any subsequent determination as to whether Priester was operating the vehicle with the permission of Webb and was therefore an insured under Vigilant's policy?

3. *Liability for damages.* In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

The key to an application of the doctrine of res judicata at the present time is not that certain parties have litigated, but rather that a particular issue has been litigated. See, Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L.Rev. 27 (1964). In the matter at hand there has been a jury determination that at the time of the accident Priester was operating the automobile with the consent of Webb. Vigilant took an active role in this trial as an insurer of Webb. While such a determination was made under the Iowa owner's liability statute, this Court finds that it was of sufficient identity to equate with the granting of permission within the meaning of Vigilant's policy. It is therefore reasonable in this instance to preclude Vigilant from relitigating the issue of the circumstance under which Priester was operating the car at the time of the accident. Based upon a prior jury determination in a case in which Vigilant participated as an insurer of a party defendant, the Court now finds that the question of whether Priester was an insured under Vigilant's policy at the time of the accident is res judicata. There being no remaining issue of fact, the motions for summary judgment will be ruled on accordingly.

It is ordered that the motion of the plaintiff, Frederick C. Priester, for summary judgment on his complaint against defendant Vigilant Insurance Co. be and is hereby granted.

It is further ordered that the motion of the plaintiff Frederick C. Priester, for summary judgment on his complaint against defendant Fireman's Fund American Insurance Companies be and is hereby denied.

It is further ordered that the motion of defendant Fireman's Fund American Insurance Companies for summary judgment on the complaint filed against it by plaintiff herein be and is hereby granted.

It is further ordered that the motion of defendant Fireman's Fund American Insurance Companies for summary judgment on its cross-claim against defendant Vigilant Insurance Company be and is hereby granted.

It is further ordered that a hearing on the matter of damages to be awarded Priester on his claim against defendant Vigilant Insurance Company will be held at a later date. Plaintiff's counsel will advise the Court as to the parties' readiness for such a hearing and the anticipated length of the same.