Alphonse T. SCHNEBERGER and Leona (Mrs. Alphonse T.) Schneberger, Appellants,

v.

UNITED STATES FIDELITY AND GUAR-ANTY COMPANY and Horace Mann Mutual Insurance Company, Individually and Jointly, Appellees.

No. 55900.

Supreme Court of Iowa.

Dec. 19, 1973.

Strand & Anderson, Decorah, for appellants.

Swisher & Cohrt, Waterloo, for Horace Mann Mut. Ins. Co.

Newman, Redfern, McKinley & Olsen, and David R. Mason, Cedar Falls, for United States Fidelity and Guaranty Co.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

REES, Justice.

This appeal results from rulings of the trial court sustaining defendants' motions for summary judgment and judgment on the pleadings following separate adjudications of law points.

In December, 1968 plaintiffs recovered judgments against one James Glenn in the amount of $4000 and $42,000 resulting from personal injuries plaintiffs sustained in an automobile accident. During the course of trial, plaintiffs' claim against one Esther Stegeman, the owner of the automobile Glenn was operating at the time of the accident, was dismissed. An appeal was taken by plaintiffs (Schneberger v. Glenn, filed May 5, 1970, and appearing in 176 N.W.2d 782), and this court affirmed the action of the trial court in dismissing the petition of the plaintiffs as against Stegeman. The factual background of the case is set out in detail in the above cited case, and we will not repeat it here except when necessary to achieve clarity and understanding of the facts.

Esther Stegeman was the owner of the automobile which James Glenn was driving at the time of the happening of the accident in which plaintiffs were injured. He had obtained the automobile from one Larry Livingston, to whom Miss Stegeman had directly loaned the car restricting its use to none other than Livingston by a note which was the fighting issue in the prior case.

Following our affirmance of the trial court in the above cited case, executions were issued on the two judgments against Glenn and were returned unsatisfied. Plaintiffs then instituted the instant action in accordance with the provisions of chapter 516, The Code, to recover from the insurance companies—defendants in the instant action.

Defendant United States Fidelity and Guaranty Company (hereinafter "USF & G") had in force at the time of the accident a contract of insurance which had been issued to Howard J. Glenn, the father

of the judgment debtor. At the same time defendant Horace Mann Mutual Insurance Company (hereinafter "Horace Mann") had in force a contract of automobile insurance which it had issued to Larry Livingston.

The opinion in the first case was filed by this court on May 5, 1970, and the writs of general execution above referred to were issued by the clerk of the Winneshiek county court on May 14, 1970. They were returned unsatisfied on May 22, 1970 and the instant action was instituted by the plaintiffs against the defendant insurance companies on July 7, 1970.

In ruling on defendants' motions for separate adjudication of law points, for judgment on the pleadings, and for summary judgment the trial court found:

(a) Plaintiffs are not "judgment creditors" under the provisions and within the contemplation of section 516.-1, The Code, 1966.

(b) If plaintiffs were such "judgment creditors", they then failed to comply with the statute of limitations, section 516.3, The Code, 1966, for they failed to institute their action against the defendants within 180 days from the entry of judgment.

(c) That both policies of insurance require an element of consent from the owner of the automobile involved, and

(d) The issue of owner consent was fully litigated in the prior case of Schneberger v. Glenn, and is *res judicata* as to the instant matter.

Based on such findings, trial court dismissed plaintiffs' petition. From such rulings and dismissal, plaintiffs have appealed, and rely for reversal upon the following assignments of error:

(1) Trial court erred in finding plaintiffs were not judgment creditors in accordance with the provisions of § 516.1, The Code, 1966.

(2) Trial court erred in finding the 180-day statute of limitations had expired under the provisions of § 516.3, The Code, 1966.

(3) Trial court erred in holding the doctrine of issue preclusion was applicable to this case, and

(4) Trial court erred in finding that both policies of insurance required an element of consent from the owner, Esther Stegeman.

I. We consider first plaintiffs' contention that trial court erred in finding an element of owner's consent is required to permit recovery as to both policies of insurance, and that plaintiffs are precluded from relitigating the issue of consent in view of the prior determination by this court in Schneberger v. Glenn, *supra,* in which case we sustained the trial court in its findings and determination that Glenn did not have the consent of the owner Stegeman as was required under the provisions of § 321.493, The Code, 1966.

We now examine the pertinent provisions of each policy. The policy of insurance issued by USF & G to Howard J. Glenn, the father of judgment debtor James Glenn, provided in part I thereof:

"PERSONS INSURED. Under the Liability and Medical Expense Coverages, the following are Insureds:

\*   \*   \*   \*   \*   \*

"(b) with respect to a non-owned automobile

\*   \*   \*   \*   \*   \*

"(2) a relative, but only with respect to a private passenger automobile or utility trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission."

The USF & G policy then goes on to define a "non-owned automobile" as follows:

". . . an automobile not owned by or furnished or available for the regular use of either the Named Insured or any resident of the same household . . . but 'non-owned automobile' does not include a temporary substitute automobile."

Trial court held the owner's consent was necessary to enable plaintiffs to recover under the USF & G policy, presumably basing its conclusion on the court's interpretation of the policy that James Glenn was using a "non-owned automobile" as defined in the above set out policy provision.

■ The USF & G policy is not susceptible of any other interpretation than that reached by trial court. From the facts alleged in the petition of the plaintiffs and the facts admitted in the answer of defendant USF & G, there is no controversy as to whether or not owner's consent was necessary to subject USF & G to liability. The trial court correctly found and held that the consent of the owner was a necessary element to subject USF & G to liability.

■ II. We are however unable to reach the same conclusion with respect to the provisions of the Horace Mann policy issued to Livingston, the first permittee to whom the Stegeman automobile had been entrusted. The record establishes that Livingston's own automobile was out of service and undergoing repair, and consequently the Stegeman car was a "temporary substitute automobile" in his hands. It seems entirely logical under the provisions of the Horace Mann policy that the Stegeman automobile was, in the hands of Livingston —the "named insured", an "owned automobile". The Horace Mann policy provides:

" 'Owned automobile' is defined as follows:

\* \* \* \* \* \*

"(d) a temporary substitute automobile."

This is defined by the policy as follows:

" 'Temporary substitute automobile' means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

If we conclude as we feel we must that under the provisions of Livingston's policy with Horace Mann, the Stegeman vehicle was an "owned automobile" in Livingston's hands, then we must refer to the additional policy provisions of the Horace Mann policy to determine the extent of coverage:

"Persons Insured. The following are insureds under Part I:

"(a) with respect to the owned automobile,

\* \* \* \* \* \*

"(2) any other person using such automobile with *the permission of the named insured,* provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission." (Emphasis added).

The Horace Mann policy provides that it is the permission of the "named insured" (Livingston) to which we must look to determine coverage under the policy and not the permission of the owner of the automobile as such. Clearly, the original permission given by Stegeman to Livingston might have some relevance to the authority which Livingston might have had to delegate that original permission to use, but it is not the primary consideration according to the Horace Mann policy.

III. Both parties make reference in their briefs and arguments to the doctrine or theory of issue preclusion in connection with the fourth assignment of error advanced by plaintiffs. Trial court held that plaintiffs were required to show some fact issue which would permit them to establish

consent of the owner or a reasonable belief of consent and use within the scope thereof, and trial court then determined that the issue had been precluded by our opinion in the prior Schneberger case.

■ To bar further litigation on a specific issue four requirements must be established:

(1) The issue concluded must be identical.

(2) The issue must have been raised and litigated in the prior action.

(3) The issue must have been material and relevant to the disposition of the prior action, and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

See Purdes v. Carvel Hall, Inc., 301 F. Supp. 1256 at 1263 (D.C.1969).

■ Identity of parties is not necessary to give validity to a claim of issue preclusion. A stranger to a primary suit can assert the theory of issue preclusion as a defense in a subsequent suit provided other elements of the theory of issue preclusion coincide. See Goolsby v. Derby, 189 N.W.2d 909 (Iowa 1971); A. Vestal, "Preclusion/Res Judicata Variables: Parties," 50 Iowa Law Review 27 (1964).

In the prior Schneberger case we held the trial court was correct in sustaining a motion for direction of verdict dismissing the action for damages against the owner of the automobile (Stegeman) for the purposes of § 321.493, The Code, 1966. In referring to the statutory inference of consent to use arising from the ownership of an automobile, we said, at p. 787 of 176 N.W.2d:

"We have read the note with care. We perceive no ambiguity in the same. A fair reading of the note in the light of the arguments and propositions urged by both appellants and appellee leads us to conclude the note in question was an express limitation on the use of the automobile by anyone other than third-party defendant Livingston."

Glenn was using the Stegeman car without the owner's consent, and therefore no liability could attach to the owner under § 321.493, The Code, 1966. The trial court held in the matter now before us, and defendants advance the argument, that the issue of owner consent as to the car Glenn was driving at the time of the accident in question has been fully litigated in the prior suit and is determinative of the issue of owner consent, even for the purposes of insurance coverage in the matter here. We have heretofore discussed the policy provisions of the USF & G insurance contract, and have concluded that the issue of owner consent is dispositive of the question of coverage under that policy. At p. 785 of the first Schneberger case (176 N.W. 2d), we said:

"The question of consent, express or implied, to the use of an automobile by a second permittee has been the subject of much litigation in this and other jurisdictions. Cases of consent drivers arising under the Omnibus Clause of automobile liability insurance policies involve the same issues and considerations as concern us on this appeal. Therefore cases involving determination of the consent issue under the Omnibus Clause are applicable to consent cases arising under the Iowa owner's liability statute, section 321.493, Code. Priester v. Vigilant Insurance Co., D.C., 268 F.Supp. 156, 162."

In Priester v. Vigilant Insurance Co., D.C., *supra*, 268 F.Supp. 156 at 162, the court said:

"In the matter at hand there has been a jury determination that at the time of the accident Priester was operating the automobile with the consent of Webb. Vigilant took an active role in this trial as an insurer of Webb. While such a determination was made under the Iowa owner's liability statute, this Court finds

that it was of sufficient identity to equate with the granting of permission within the meaning of Vigilant's policy. It is therefore reasonable in this instance to preclude Vigilant from relitigating the issue of the circumstance under which Priester was operating the car at the time of the accident. Based upon a prior jury determination in a case in which Vigilant participated as an insurer of a party defendant, the Court now finds that the question of whether Priester was an insured under Vigilant's policy at the time of the accident is res judicata."

■ From the foregoing then we must conclude the issue of owner consent under the provisions of § 321.493, The Code, 1966, is identical to the issue of owner consent in determining Glenn's coverage under the USF & G policy so as to make the bar of the doctrine of issue preclusion available to USF & G. Trial court was correct in its ruling with respect to the USF & G policy.

IV. The provisions of the Horace Mann policy, however, provide for consent of the "named insured" rather than the consent of the owner.

■ We are unable to conclude, therefore, our prior determination that Miss Stegeman's consent running to Livingston, limited as it was, is dispositive of the issue of coverage afforded Livingston's permittee in the use of his temporary substitute automobile under the precise language of the Horace Mann policy. The theory of issue preclusion cannot be called upon in the second suit now before us insofar as the Horace Mann policy coverage is concerned, and to that extent we conclude trial court erred in its ruling.

■ We must also give consideration to the differing traditional judicial approaches to the matters involved here. Section 321.493 of The Code, 1966, creates a statutory cause of action and should be strictly construed, whereas ambiguities or uncertainties in insurance contracts should be liberally construed in favor of imposing liability on the insurer. The provisions of the Horace Mann policy differing as they do from the provisions of the USF & G policy, justify a different result as to the coverage of the respective policies. (See Exchange Casualty & Surety Co. v. Scott, 56 Cal.2d 613, 15 Cal.Rptr. 897, 364 P.2d 833; 7 Am.Jur.2d, Auto Ins., § 229, p. 579, n. 11).

V. Plaintiffs further assert trial court erred in finding they were not judgment creditors within the provisions of § 516.1, The Code, 1966, which provides as follows:

"*Inurement of Policy.* All policies insuring the legal liability of the insured, issued in this state by any company, association or reciprocal exchange shall, notwithstanding any other provision of the statutes, contain a provision providing that, in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the insurer to the same extent that such insured could have enforced his claim against such insurer had such insured paid such judgment."

In the light of our discussion above with respect to the issue of coverage of Glenn under the Horace Mann policy and our conclusion that issue was not precluded by the determinations in the first Schneberger case, the question still remains as to whether or not Glenn is an "insured" under the provisions of § 516.1, The Code. The court was therefore in error in concluding that absent an insured judgment debtor, plaintiffs were not judgment creditors.

VI. We consider now the question as to whether plaintiffs as judgment creditors instituted their action against defendants within the limitation period provided for in § 516.3, The Code, 1966. Said section provides:

"*Limitation on Action.* Said action may be brought against said insurer

within one hundred eighty days from the entry of judgment in case no appeal is taken, and, in case of appeal, within one hundred eighty days after the judgment is affirmed on appeal, anything in the policy or statutes to the contrary notwithstanding."

It is to be remembered that in the initial action Schnebergers sued both Stegeman and Glenn, and that on December 12, 1968 trial court sustained Stegeman's motion for directed verdict. On the following day the jury returned verdicts over against Glenn in favor of Mr. Schneberger in the amount of $4000 and in favor of Mrs. Schneberger in the amount of $42,000. Judgments were then entered on said verdicts, after the Schnebergers' motion for new trial with respect to the court's dismissal of their case as to Miss Stegeman, and a further motion for new trial and additur over against defendant Glenn had been filed. All motions were overruled in their entirety. Timely notice of appeal was served by the Schnebergers on February 28, 1969, and the appeal was taken as to the final judgment entered by the trial court and from the denial of the motions for new trial and additur. The appeal was therefore perfected as to the final judgment and as to all rulings and orders inhering therein in compliance with rule 336, Rules of Civil Procedure.

■ Despite the fact that the only issue argued on appeal dealt with the sustaining of Stegeman's motion for directed verdict and in the first appeal the verdict against Glenn was not challenged, we believe the appeal was sufficient to toll the running of the statute of limitations under § 516.3, The Code, 1966, again noting that the in-stant action was instituted on July 14, 1970, and that the opinion of this court in the first Schneberger case was filed May 5, 1970.

Trial court was correct in its finding and conclusion the consent of the owner was a necessary element to effect coverage under the policy issued to Glenn's father by USF & G, and in finding the prior ruling of this court in the first case is *res judicata* on the issue of owner consent as to that policy. In that respect we affirm the trial court.

In view of the language of the Horace Mann policy requiring only the consent of the "named insured" rather than that of the owner, we must reverse trial court's rulings as to the question of owner consent and issue preclusion. The trial court erred in its ruling that plaintiffs were not judgment creditors for the purposes of § 516.1, The Code, 1966 and that Glenn was not an insured under the provisions of said section.

An appeal was perfected under rule 336, R.C.P as to the entire final judgment in the prior case, and the instant action was initiated within 180 days from the filing of the decision in the prior case by this court.

Insofar as the court's ruling with respect to defendant Horace Mann Mutual Insurance Company is concerned, we reverse the trial court. We affirm trial court as to its conclusions and orders with respect to defendant United States Fidelity and Guaranty Company. This case is remanded for further proceedings in conformity with this opinion.

Affirmed in part; reversed in part and remanded.