THORP CREDIT, INC., Plaintiff-Appellee,

v.

Thomas S. JOHNSON et al., Defendants,

William F. Ryan and Charlene Ryan, Movants-Appellants.

No. 2–58601.

Supreme Court of Iowa.

Aug. 31, 1977.

William B. Perry, Storm Lake, for appellants, William F. Ryan and Charlene Ryan.

E. Ralph Walker, of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellee, Thorp Credit, Inc.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON, and McCORMICK, JJ.

REYNOLDSON, Justice.

This is the Thorp foreclosure action described in *Mauer v. Rohde, et al.,* 257 N.W.2d 489 (Iowa 1977), filed today. That decision provides the factual backdrop for understanding the posture of the parties in this appeal.

Ryans in this case filed a motion under rule 256, Rules of Civil Procedure. They sought to discharge the Thorp judgment lien against the Mauer homestead (purchased by Ryans at sheriff's sale following execution and levy on the Wagener judgment) under the provisions of § 615.1, The Code.

Although Ryans were not parties to this action prior to the foreclosure decree, rule 256 appears to provide procedural support for their subsequent involvement:

"*256. Judgment discharged on motion.* Where matter in discharge of a judgment has arisen since its rendition, the defendant or any interested person may, on motion in a summary way, have the same discharged in whole or in part, according to the circumstances."

Ryans' motion alleged Thorp obtained its foreclosure judgment and decree April 16, 1973, but did not cause special execution to issue until May 8, 1975, more than two years later. The motion asserts the Thorp mortgage lien must be discharged under § 615.1, The Code, which relevantly provides:

"*615.1. Execution on certain judgments prohibited.* From and after January 1, 1934, no judgment in an action for the foreclosure of a real estate mortgage * * * shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a setoff or counterclaim after the expiration of a period of two years from the entry thereof."

Trial court overruled Ryans' motion on the ground the issue had already been adjudicated adversely to Ryans in the *Mauer* case. Ryans appeal and we affirm.

I. At the outset, we note the legislation Ryans rely on was intended "to relieve judgment debtors in financial distress, and to enable them to get another start freed from the burden of years of judgment liens." *Hell v. Schult,* 238 Iowa 511, 514–515, 28 N.W.2d 1, 3 (1947); see Note, "Limitations on Post Judgment Proceedings by the Plaintiff," 42 Iowa L.Rev. 299 (1957). Ryans were not judgment debtors in any of this litigation.

Thorp advances several grounds to support trial court's ruling on the motion. We only consider the ground trial court relied on, res judicata.

Ryans filed a post-trial motion seeking the same § 615.1 relief in *Mauer.* Their *Mauer* motion referred to a clerk's certification no special execution had been issued on the Thorp judgment in the two-year period, asserted Thorp's foreclosure decree had no legal force or effect, and prayed, *inter alia,* that the court set aside its prior decree and enter decree for defendants Ryan.

Thorp resisted, complaining the issue was not urged at trial, but nonetheless advancing several substantive grounds for not applying the § 615.1 two-year limitation.

The following portion of the ruling on the several Ryan motions in *Mauer* is material here:

"Ryans also argue that Thorp's foreclosure decree must be activated by execution within two years as provided by 615.1 of the Code.

"This issue was not raised during the trial but in Ryans' trial brief.

"In any event, Thorp Credit, Inc. was precluded from having a special execution issue within the two year period as the Ryans had already obtained a sheriff's deed to the property on August 7th, 1974.

"As soon as Thorp learned of the issuance of the sheriff's deed it immediately filed the present declaratory judgment action to have its rights determined. The issue as to title was fully before the court, therefore,

"IT IS THE ORDER OF THE COURT:

"The post trial motions of the defendants Ryan are each overruled."

Ryans, who advanced the § 615.1 issue in *Mauer*, now claim it was not adjudicated there. Thorp in *Mauer* asserted the issue was raised too late and should not be considered, but now contends it lost that argument and the *Mauer* trial court did in fact rule on and reject application of § 615.1.

Our study of the *Mauer* ruling convinces us the issue was there raised by Ryans, considered, and adversely adjudicated. As we observed in the *Mauer* opinion filed today, Ryans on that appeal advanced no proposition relied on for reversal based on the ground trial court's § 615.1 ruling was erroneous. Accordingly the error, if any, was waived. *Zeman v. Canton State Bank*, 211 N.W.2d 346, 350 (Iowa 1973); *Farm Service Company of Emmetsburg v. Askeland*, 169 N.W.2d 559, 560 (Iowa 1969).

II. It is unnecessary to set out again the rules, criteria and authorities relating to res judicata and issue preclusion referred to in division III of our *Mauer* opinion. Under the facts in *Mauer*, on a different issue, we held there was no preclusion.

These rules and criteria are applicable in the circumstances now before us. Obviously, the affected parties are identical in both cases. The issue raised in both cases is identical. Resolution of the § 615.1 issue in

*Mauer* was controlling in the result reached insofar as it affected Ryans and Thorp.

In this appeal we are not required to pass on the ruling entered by the trial court in *Mauer*, nor the rationale by which it rejected application of the § 615.1 two-year limitation. We only hold trial court in the case now before us was right when it determined the doctrine of res judicata precluded Ryans from relitigating the issue.

AFFIRMED.