**Newton J. BRIGDON, Appellant,**

v.

**Oscar B. COVINGTON, Jr., Jack A. Brandrup, and Patricia Hayler, Executor of the Estate of John Hayler, Appellees.**

**No. 63402.**

Supreme Court of Iowa.

Nov. 12, 1980.

M. Gene Blackburn, of Murray & Blackburn, P.C., Fort Dodge, for appellant.

H. Richard Smith, of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

HARRIS, Justice.

What is the effect on claims against other tort–feasors when judgment against one of them is satisfied? The trial court held that the satisfaction here barred further claims against the joint tort–feasors. We agree.

The factual background is detailed in our opinion in *Brigdon v. Brandrup*, 267 N.W.2d 396 (Iowa 1978). There we affirmed a $250,000 verdict against Brandrup, one of three defendants in this tort action for personal injuries. Verdicts had been directed against plaintiff on his claims against Covington and Hayler, the other two defendants. At 267 N.W.2d 402, we affirmed the trial court for directing the verdict against Covington but reversed for directing a verdict against Hayler.

After the case was remanded for trial of plaintiff's claim against Hayler, attorneys acting on behalf of Brandrup paid the judgment and costs. Plaintiff filed a general satisfaction of the judgment. Thereafter Hayler filed a motion for summary judgment, contending that the satisfaction discharged him from any further liability. Plaintiff resisted, contending that the issue of discharge, where the claim was for $600,-000 and the verdict for less, was one of intent and could not be resolved as a matter of law.

The trial court sustained Hayler's motion for summary judgment. The ruling conceded that the intent of the parties generally governs. Nevertheless, the trial court felt that, once the trier of fact has determined damages for a single injury, and they have been paid, no further cause of action exists. Then, according to the trial court, the intent of the parties becomes irrelevant.

█ Controlling legal principles begin with the following which we adopt:

The issue of the effect of satisfaction has been complicated by the inability of the courts to agree on the meaning of the term and by the question of its relation to the term, release. As a general rule, all would agree that satisfaction has occurred where the plaintiff has been fully compensated by one or more of the tort-feasors for the harm done to him, and that this compensation may be fixed by a judgment after trial or by agreement between the plaintiff and any number of the wrongdoers. Little difficulty is occasioned by full satisfaction of the plaintiff's claim through execution of a judgment, since clearly here there has been full compensation according to law.

1 Harper & James, The Law of Torts, § 10.1 at 710.

Proceeding from this premise the parties concentrate their arguments on the law of judgments. Both cite our opinion in *Wright v. Haskins*, 260 N.W.2d 536 (Iowa 1977), where at pp. 541–42 we said:

In our opinion the proposition that a judgment creditor can sue successively different judgment debtors until full satisfaction of the highest judgment is attained is the proper rule to be applied to injured third parties and their rights. This position has the support of the Restatement, Second, Judgments, section 95, Comment f, p. 85, Tentative Draft No. 3, April 15, 1976, where it is said: "The rule of this Section governs the obligations of the co-obligors in favor of the injured person and the effects of an obligor's payment on the injured person's right to collect on his judgment. It does not deal with two related problems, which are beyond the scope of this Restatement." As expressly stated, the rule does not apply to all instances of contribution and indemnity.

On the basis of *Wright v. Haskins*, plaintiff asks that he be allowed to proceed against Hayler, at least in an attempt to seek recovery of more than the $250,000 judgment he recovered against Brandrup. Defendant asks that we limit our holding in *Wright v. Haskins* to "the unusual situation in which a claimant has already reduced his claim to two or more judgments before acknowledging satisfaction of one of the judgments." Hayler's motion for summary judgment was somewhat broader, asserting "as a matter of law the satisfaction of the judgment against the co–tort–feasor Brandrup discharged defendant John Hayler from any liability and bars the action against him."

It is unnecessary, and would therefore be inappropriate, in this case to fix the extent or limits of our holding in *Wright v. Haskins.* The facts here easily qualify for the relief sought on the basis of issue preclusion.

To bar further litigation on a specific issue four requirements must be established:

(1) The issue concluded must be identical.

(2) The issue must have been raised and litigated in the prior action.

(3) The issue must have been material and relevant to the disposition of the prior action, and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

[Citation.]

Identity of parties is not necessary to give validity to a claim of issue preclusion. A stranger to a primary suit can assert the theory of issue preclusion as a defense in a subsequent suit provided other elements of the theory of issue preclusion coincide. [Citations.]

*Schneberger v. United States Fidelity & Guar. Co.,* 213 N.W.2d 913, 917 (Iowa 1973). We have explained the doctrine in a number of cases including *Thorp Credit, Inc. v. Johnson,* 257 N.W.2d 498, 500 (Iowa 1977); *Mauer v. Rohde,* 257 N.W.2d 489, 496-98 (Iowa 1977); *Trushcheff v. Abell–Howe Co.,* 239 N.W.2d 116, 131 (Iowa 1976); *Hawkeye Security Insurance Co. v. Ford Motor Co.,* 199 N.W.2d 373, 378–79 (Iowa 1972); *Goolsby v. Derby,* 189 N.W.2d 909, 913-17 (Iowa 1971). *See* Vestal, *Preclusion/Res Judicata Variables: Parties,* 50 Iowa L.Rev. 27. Although it is not crucial for application of the doctrine, plaintiff and defendant Hayler were both parties to the suit and to the first appeal. Hayler participated in the trial until a verdict was directed in his favor. The remaining defendant, Brandrup, defended at that trial against the plaintiff's claim for damages. In his first appeal the plaintiff made no complaint on the question of damages.

We believe the situation is a classic example for the application of the doctrine of issue preclusion. Plaintiff is precluded in any further trial from complaining of, or enlarging upon, the damages fixed in his first trial, for which he has already recovered.

The trial court properly sustained Hayler's motion for summary judgment.

AFFIRMED.