Catherine A. STARKS, Administratrix of the Estate of Raymond L. Starks, Plaintiff–Appellee,

v.

Craig A. FAIRBANKS, and Nancy L. Fairbanks, Defendants–Appellants.

No. 88–146.

Court of Appeals of Iowa.

Dec. 22, 1988.

Michael J. Coyle and Norman J. Wangberg, of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for defendants-appellants.

John L. Riccolo, of Wenzel, Piersall, Riccolo & Harms, P.C., Cedar Rapids, and Michael A. Bowman, of Shimanek, Shimanek & Bowman, Montecello, for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The question we address is whether the payment of a judgment rendered in a dram shop action precludes plaintiff from recovery for damages for loss of spousal consortium against a tortfeasor as a result of the same accident. We determine damages for loss of spousal consortium were not included in the damages for which judgment was entered in the dram shop action and plaintiff was not precluded from recovery of those damages against the tortfeasor.

Raymond L. Stark, the husband of Catherine A. Stark, was killed on January 1, 1984 when the snowmobile he was driving struck a parked car and trailer owned by defendants-appellants Craig A. Fairbanks and Nancy L. Fairbanks. After the accident litigation was commenced against several defendants in two counties for damages arising from the accident. In one, a dram shop action in Delaware County against two establishments where decedent had consumed alcohol before the accident a judgment was rendered for the estate of $240,000. The judgment was satisfied. Damages for loss of consortium were not submitted to the jury in the dram shop case. Plaintiff had asked to amend her pleadings in the dram shop action to assert a claim for loss of spousal support. The district court denied the request for amendment concluding *Haafke v. Mitchell*, 347 N.W.2d 381 (Iowa 1984) did not allow damages for loss of spousal consortium as a part of a dram shop claim. Before trial the Iowa court decided *Gail v. Clark*, 410 N.W.2d 662 (Iowa 1987), where at 667–70 they held Iowa dram shop act does permit damages for the economic and service elements of spousal consortium only. Defendants contend even if spousal consortium was not included, it should have been based on *Gail, id.*, and thus plaintiff is precluded from pursuing her spousal consortium action in this litigation.

Defendants were not parties to the dram shop action and this is the only claim that was made against them as a result of this accident. Consequently they are not entitled to the benefits of claim preclusion. *See Selchert v. State*, 420 N.W.2d 816, 818 (Iowa 1988). Therefore we need not address the issue of whether the claim could have been litigated for if within the parameters of established rules a plaintiff is willing to bring multiple suits to obtain full recovery, he or she should be allowed to do so. *Selchert*, 420 N.W.2d at 821. We need only determine whether the claim was litigated and if issue preclusion applies here. To establish issue preclusion and to bar further litigation on a specific issue four requirements must be established:

(1) The issue concluded must be identical.

(2) The issue must have been raised and litigated in the prior action.

(3) The issue must have been material and relevant to the disposition of the prior action, and,

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

Identity of parties is not necessary to give validity to a claim of issue preclusion. A stranger to a primary suit can

assert the theory of issue preclusion as a defense in a subsequent suit provided other elements of the theory of issue preclusion coincide. *Brigdon v. Covington*, 298 N.W. 2d 279, 281 (Iowa 1980); *Schneberger v. United States Fidelity & Guar. Co.*, 213 N.W.2d 913, 917 (Iowa 1973). The doctrine has been explained in a number of cases including *Thorp Credit, Inc. v. Johnson*, 257 N.W.2d 498, 500 (Iowa 1977); *Mauer v. Rohde*, 257 N.W.2d 489, 496–98 (Iowa 1977); *Trushcheff v. Abell–Howe Co.*, 239 N.W.2d 116, 131 (Iowa 1976); *Hawkeye Security Insurance Co. v. Ford Motor Co.*, 199 N.W.2d 373, 378–79 (Iowa 1972); *Goolsby v. Derby*, 189 N.W.2d 909, 913–17 (Iowa 1971).

■ We find the issue of spousal consortium was not litigated in the prior action, the issue was not material and relevant to the prior action and the issue was not necessary and essential to the resulting judgment. We reject defendant's claim *Brigdon*, 298 N.W.2d at 297 demands plaintiff's claim against them was satisfied on the payment of the judgment.

*Brigdon* is distinguishable. The issues in *Brigdon* first reached the Iowa court in *Brigdon v. Brandrup*, 267 N.W.2d 396 (Iowa 1978) involving an appeal in a suit against three plant supervisors by a plaintiff injured in an industrial accident. Plaintiff contended each supervisor violated some duty to provide him a safe place to work.[1] The trial court directed a verdict in favor of two defendants. *Brigdon*, 267 N.W.2d at 398. The jury returned a verdict against the third. *Id.* On appeal the court determined the trial court was not correct in directing in favor of one of the defendants, Hayler, and reversed and remanded for trial as to Hayler. *Brigdon*, 267 N.W.2d at 402. After remand but before retrial, the judgment rendered in the first action was paid in full. The trial court then granted summary judgment in Hayler's favor. Determining Hayler qualified for relief on the basis of issue preclusion, the supreme court affirmed the trial court. *Brigdon*, 298 N.W.2d at 281. We have determined issue preclusion does not apply here. Consequently, the holding of *Brigdon v. Covington*, 298 N.W.2d 279 (Iowa 1980) is not applicable.

Defendants raise two other issues on appeal. Defendant asks we overrule *Groesbeck v. Napier*, 275 N.W.2d 388 (Iowa 1979). *Groesbeck* holds evidence of a plaintiff's remarriage should not be admissible in a wrongful death action for the death of a spouse but mention of plaintiff's remarriage may be made during voir dire examination of prospective jurors but the jurors should be instructed to disregard the remarriage when considering damages. *Groesbeck*, 275 N.W.2d at 391–93. Plaintiff claims the issue was not preserved for review. We find it unnecessary to discuss preservation of error. We are controlled by the holding of *Groesbeck*. We affirm the trial court on this issue.

Lastly, defendants contend the spousal consortium claim should be reduced by the percent of negligence attributed to the deceased spouse or we should allow their claim against Raymond's estate for contribution. The Iowa Supreme Court in *Schwennen v. Abell*, 430 N.W.2d 98, 102 (Iowa 1988) has rejected these arguments. We affirm.

AFFIRMED.

---

1. The issue was controlled by principles since changed by statute.