**1629 JOINT VENTURE,**
**Plaintiff–Appellant and**
**Cross–Appellee,**

v.

**Thomas DAHLQUIST, Defendant–Appellee and Cross–Appellant,**

**and**

**INSURANCE SYSTEMS, INC., a California corporation,**
**Defendant–Appellant,**

v.

**Richard SILVERSTEIN,**
**Defendant–Appellee.**

**No. 86CA1488.**

Colorado Court of Appeals,
Div. II.

Jan. 12, 1989.

Rehearing Denied Feb. 9, 1989.

**1353**

Martin & Mehaffy, Joel C. Maguire, Boulder, for plaintiff-appellant and cross-appellee 1629 Joint Venture.

George E. Clough, Boulder, for defendant-appellee and cross-appellant Thomas Dahlquist.

Holme Roberts & Owen, Richard L. Schrepferman, Boyd N. Boland, Denver, for defendant-appellant Insurance Systems, Inc.

Galchinsky and Silverstein, Elizabeth K. Tulloch, Denver, for defendant-appellee Richard Silverstein.

REED, Judge.

Plaintiff, 1629 Joint Venture (the Joint Venture), appeals from the judgment in favor of defendant Thomas Dahlquist on plaintiff's claim of director liability. The Joint Venture also appeals the award to Dahlquist by the court of a 5% interest in the Joint Venture. We affirm with respect to these issues.

Dahlquist appeals the trial court's denial of his counterclaim for a proportionate share of the money distributed to all other interest holders of the Joint Venture. We reverse the judgment of denial and remand with directions.

Defendant Insurance Systems, Inc. (ISI), took an assignment of the Joint Venture's claim against defendant Richard Silverstein. ISI, as assignee, appeals from the directed verdict dismissing the Joint Venture's claim of director liability against Silverstein. We affirm with respect to this issue.

The issues in this appeal arise out of litigation in which the Joint Venture, as lessor, sought recovery against its corporate lessee, Data Processing Consulting, Inc. (DPCI), for breach of lease. During the term of the lease, DPCI was dissolved as a corporate entity and the demised premises were abandoned without payment of the installments due for the balance of the term.

The defendants, Dahlquist and Silverstein and one Ashenhurst (a defendant in the trial court but not a party to this appeal), were or had been directors of DPCI. In addition to its claim against the lessee, and others not here relevant, the Joint Venture sought recovery against Dahlquist, Silverstein, and Ashenhurst alleging (1) that DPCI distributed its assets in liquidation without paying, or making adequate provision for the payment of, the debt due the Joint Venture for breach of the lease, and (2) that these defendants, as directors, were liable pursuant to § 7–5–114(1)(c), C.R.S. (1986 Repl. Vol. 3A) because they voted or assented to such distribution.

The trial court directed a verdict in favor of Silverstein on the director liability claim. The jury returned a verdict in favor of the Joint Venture and against DPCI on the lease in the amount of $88,465.79 (the lease payments due as of the date of trial). It returned a verdict in favor of the Joint Venture and against Ashenhurst on the Joint Venture's claim for director liability and awarded damages of $80,000. The judgment entered thereon against Ashenhurst, after deduction of stipulated offsetting credits, was thereafter fully satisfied.

The jury returned a verdict in favor of Dahlquist on the director liability issue. Because the jury found that there was a valid lease, the trial court awarded Dahlquist specific performance on his counterclaim for an interest in the Joint Venture. It refused, however, to award to Dahlquist an amount equal to a proportionate share

of the money distributed to all other interest holders of the Joint Venture.

## I.

Both Dahlquist and Silverstein argue that the issues raised concerning director liability are moot because the Joint Venture has obtained satisfaction of its judgment. We agree.

The Joint Venture sought to hold Dahlquist, Silverstein, and Ashenhurst liable pursuant to § 7–5–114(1)(c), C.R.S. (1986 Repl.Vol. 3A), which provides:

"A director who votes for or assents to any distribution of assets of a corporation to its shareholders during the liquidation of the corporation without the payment and discharge of, or the making of adequate provision for, all known debts, obligations, and liabilities of the corporation *shall be liable* to the corporation, *jointly and severally with all other directors so voting or assenting, for the value of such assets which are distributed, to the extent that such debts, obligations, and liabilities of the corporation are not thereafter paid and discharged.*" (emphasis added)

This statute establishes (1) the conditions under which director liability is imposed; (2) the limits of that liability; and (3) its collective nature. Hence, if corporate assets are distributed in violation of the statute, the extent of liability imposed upon the offending directors is, as the jury was instructed here, the value of the assets distributed to the shareholders or the money owed to the plaintiff, whichever is less. Thus, when the jury found in favor of the Joint Venture and against Ashenhurst on the issue of director liability, and awarded damages in the amount of $80,000, it determined that amount to be the value of the "assets distributed" since the jury also determined the lease payments then due to plaintiff to be in excess of $88,000.

■ This statute further provides, however, that the director liability imposed is not as to each director, cumulatively, but rather is the "joint and several" obligation of all of the directors "so voting or assenting." *See McHugh v. Ficor, Inc.*, 43 Colo. App. 409, 611 P.2d 578 (1979), *rev'd in part on other grounds*, 639 P.2d 385 (Colo. 1982). Accordingly, even if Dahlquist, Silverstein, or either of them was also liable for director liability, *the total amount of recovery*, would be the same whether it was the sole obligation of Ashenhurst or of Ashenhurst, Dahlquist, and Silverstein, jointly and severally.

■ Stated another way, although there may be several obligors, there is but one debt. Under those circumstances, payment of the debt or satisfaction of the judgment rendered against one obligor discharges the obligation against others who might have been jointly liable on the same claim. *Shirley v. Mahoney*, 26 Ariz.App. 498, 549 P.2d 593 (1976); *Brigdon v. Covington*, 298 N.W.2d 279 (Iowa 1980).

Since the plaintiff has, by its satisfaction of the judgment against Ashenhurst, received full recovery on its claim for director liability, the issue it seeks to present against Dahlquist and Silverstein is moot. *See Barnes v. District Court*, 199 Colo. 310, 607 P.2d 1008 (1980).

## II.

The Joint Venture also contends that the trial court erred in awarding Dahlquist specific performance on his counterclaim for a 5% interest in the joint venture. We disagree.

In his pleadings, Dahlquist challenged the legality of the claimed lease. However, in the event that the lease was found to be valid, he counterclaimed that he be awarded damages and the interest in the Joint Venture that had been promised to him by the Joint Venture if a lease was executed.

A suit for specific performance is an equitable action, and the right to specific performance depends on the equities of the case and rests within the sound discretion

of the trial court. *Keith v. El–Kareh*, 729 P.2d 377 (Colo.App.1986). Specific performance is not a matter of right; whether it should be afforded depends upon the circumstances of the particular case. *Ide v. Joe Miller & Co.*, 703 P.2d 590 (Colo. App.1984). The court must fashion a remedy that does justice under the particular circumstances with which it is confronted. *Ide v. Joe Miller & Co., supra.*

■ Here, the trial court properly determined that if the lease was found to be valid and rentals were awarded by the jury to the Joint Venture, then Dahlquist would be entitled to specific performance by receiving the 5% interest in the Joint Venture which had been promised to him as an inducement to procuring the lease. Otherwise, the Joint Venture would be overcompensated by obtaining all of the benefits of the transaction without being held accountable for payment of the promised consideration out of which those benefits arose. Accordingly, once the jury awarded rentals to the Joint Venture, and thereby confirmed the legitimacy of the lease, the court correctly granted specific performance of the 5% award to Dahlquist.

### III.

■ Dahlquist contends that the trial court erred in refusing to award him his proportionate share of the money distributed to the members of the Joint Venture. The record is inadequate to permit us to determine this issue, and accordingly, we remand for entry of additional findings and a new judgment as indicated below.

As a result of the trial court's award to Dahlquist of a 5% interest in the joint venture, he is required to sign the Joint Venture agreement and thus becomes responsible for 5% of the Joint Venture's permanent financing loan of $4,000,000. The parties stipulated that $750,000 from the proceeds of the permanent financing loan had been distributed to other members of the Joint Venture, and that any award against Dahlquist or Ashenhurst would be reduced by $37,500 each, representing 5% of that distribution. As it happened, however, no personal judgment was entered against Dahlquist from which the $37,500 could be deducted.

The trial court initially determined that Dahlquist and Ashenhurst should receive what they would have received if they had been joint venturers, including distributions made at the time the lease would have been in effect. However, the trial court denied without comment Dahlquist's motion to alter or amend the judgment to give him the benefit of his proportionate share of the distribution from the permanent financing loan. Because we cannot determine on what basis the trial court denied Dahlquist's motion, we must remand this case for findings on this issue.

That part of the judgment in favor of Dahlquist and Silverstein on the director liability claims is affirmed. The part of the judgment awarding Dahlquist a 5% interest in 1629 Joint Venture is affirmed. The part of the judgment denying Dahlquist a $37,500 distribution from the Joint Venture is reversed, and the cause is remanded to the district court for additional findings and judgment on that issue.

KELLY, C.J., and SMITH, J., concur.