# IN THE COURT OF APPEALS OF IOWA

No. 19-1136
Filed June 3, 2020

IN RE THE MARRIAGE OF JILL ELLEN MORELAND
AND SCOTT RUSSELL MORELAND

Upon the Petition of
**JILL ELLEN MORELAND,**
　　　　Petitioner-Appellant,

**And Concerning**
**SCOTT RUSSELL MORELAND,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

　　　　The wife in this dissolution of marriage proceeding seeks to vacate the dissolution decree based on the claim of extrinsic fraud.  **AFFIRMED**.

　　　　Robb D. Goedicke of Cooper, Goedicke, Reimer & Sparks, P.C., West Des Moines, for appellant.

　　　　Jaclyn M. Zimmerman of Miller, Zimmerman & Evans, P.L.C., Des Moines, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Jill and Scott Moreland were married in 2000.  In December 2013, the parties engaged in discussions to end the marriage.  They mutually agreed to proceed without the assistance of attorneys.  This led to the initiation of a dissolution of marriage proceeding.  The parties signed and filed a stipulation resolving all issues surrounding the dissolution of their marriage, including property division, spousal support, child custody, parenting time, and child support.  The property division dramatically favored Scott.  The stipulation was approved and incorporated into a decree of dissolution of marriage filed in July 2014.

In 2019, nearly five years after the decree of dissolution of marriage was filed, Jill filed an application seeking to set aside the decree of dissolution of marriage on the basis that it was procured by extrinsic fraud.[1]  After a contested hearing, the district court denied Jill's application to set aside the decree, finding she failed to prove the existence of extrinsic fraud by clear and convincing evidence.  Jill appeals.

### I.      Standard of Review & Legal Standards.

The parties agree this is an action under Iowa Rule of Civil Procedure 1.1012(2).  Actions under rule 1.1012 are subject to the one-year time limitation set forth in rule 1.1013.  Iowa R. Civ. P. 1012 (allowing vacation of judgments on the grounds set forth in the rule "[u]pon timely petition and notice under rule 1.1013"); Iowa R. Civ. P. 1013(1) ("A petition for relief under rule 1.1012 . . . must

---

[1] The same application requested the alternative remedy of modifying the custody and support provisions of the decree.  Those issues were set to be resolved by separate proceedings and are not before our court in this appeal.

be filed and served . . . within one year after the entry of the judgment or order involved."). In spite of the fact this action to set aside the judgment was not filed within one year after entry of the judgment involved, neither party raises an issue over the timeliness of Jill's action. Therefore, we do not address the timeliness issue and express no opinion on it.

Actions to vacate judgments under rule 1.1012 are law actions and not equity actions. *In re Marriage of Cutler*, 588 N.W.2d 425, 429 (Iowa 1999). Therefore, the district court's finding that fraud had not been proven is binding if supported by substantial evidence. *Id.* at 430. "A negative finding of fact concerning a party's failure to prove an element of its case may only be overturned on appeal if the appellate court determines that this element was shown to exist as a matter of law." *Id.* The party claiming to have been defrauded must prove several elements by clear and convincing evidence: "(1) misrepresentation or failure to disclose when under a legal duty to do so, (2) materiality, (3) scienter, (4) intent to deceive, (5) justifiable reliance, and (6) resulting injury or damage." *Id.*

"Fraud is of two types: extrinsic and intrinsic." *In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997). "Extrinsic fraud 'is some act or conduct of the prevailing party which has prevented a fair submission of the controversy.'" *Id.* (quoting *Stearns v. Stearns*, 187 N.W.2d 733, 735 (Iowa 1971)). "It 'includes lulling a party into a false sense of security or preventing the party from making a defense.'" *Id.* (quoting *Costello v. McFadden*, 553 N.W.2d 607, 612 (Iowa 1996)). "In contrast, intrinsic fraud inheres in the judgment itself; it includes, for example, false testimony and fraudulent exhibits." *Id.* "Fraud sufficient to vacate a judgment under rule [1.1012(2)] must be extrinsic to the judgment." *Id.* at 392.

## II.    Analysis.

Jill's claim that she was the victim of extrinsic fraud in signing the stipulation incorporated into the dissolution decree is based primarily on her claims Scott took advantage of her poor mental health, she was unable to defend herself because of the "abuse and control" of Jill by Scott, Scott promised "to take care of her" after the dissolution, and the property value and income information Scott submitted was not accurate.

Regarding her claims Scott took advantage of her mental-health condition and she was unable to defend herself, the district court concluded Jill was emotionally fragile and conflict-averse, but the court noted that her claims of not being able to comprehend complicated documents or make decisions because of her mental-health condition are "tempered somewhat by her receipt of a graduate degree from Drake University during the marriage." We agree with this observation by the district court and conclude any difficulties Jill had in negotiating the terms of the dissolution settlement as a result of her mental-health condition did not constitute extrinsic fraud by Scott. Additionally, her claims of "abuse and control," which were contested by Scott, would not constitute extrinsic fraud, even if proved, as they do not include any claimed misrepresentation. *See Cutler*, 588 N.W.2d at 430 (holding the elements of fraud include "misrepresentation or failure to disclose when under a legal duty to do so").

As for Jill's claims Scott committed fraud by breaching his promise "to take care of her" after the dissolution and submitting inaccurate financial information, the district court made the following findings:

While [Jill] claims that [Scott] misrepresented his intent to "take care of her" after the dissolution, she has not established by clear and convincing evidence that this was in fact a misrepresentation at all, let alone one made with fraudulent intent. He has been current on his agreed-to support payments and in fact made good on his agreement to provide her with a residence after the dissolution. The circumstances of [Jill's] abandonment of the [residence provided after the dissolution] are murky at best. Unlike the successful party in [*In re Marriage of Anderson*, No. 01-1649, 2003 WL 1967121 (Iowa Ct. App. Apr. 30, 2003)], she has not established that she was lured into the stipulated agreement that formed the basis for the decree through any misrepresentation by [Scott]. To the contrary, as in [*In re Marriage of Heneman*, 396 N.W.2d 797 (Iowa Ct. App. 1986)], the admittedly disproportionate property division contained within the decree was the result of [Jill's] failure to protect her interests by retaining counsel or to obtain independent advice on the propriety of the division. She has failed to establish on the present record that she was incapable of entering [in]to an agreement or that [Scott] lied to her in order to procure that agreement. In short, she has failed to prove the existence of extrinsic fraud by clear and convincing evidence. While the property division may not have been the one a court may have fashioned had the matter gone to trial, the fact that [Jill] made a bad bargain is insufficient grounds for setting it aside five years later.

These findings are supported by substantial evidence and we agree with them.

We add some additional observations. This was not a case where Jill did not participate in the proceedings. A hearing was held in the courtroom for entry of the decree after the parties signed their stipulation. Jill and Scott attended that hearing, and the judge[2] encouraged both parties to get independent counsel. Jill declined to do so. A party may not claim extrinsic fraud when seeking to set aside the judgment in a dissolution proceeding "where that party has participated in the proceeding, knowing that he or she could further protect his or her rights by

---

[2] The judge presiding at the hearing to enter the decree in 2014 was not the same judge who presided over the proceedings at issue in this appeal.

securing counsel, but has failed to do so." 24 Am. Jur. 2d *Divorce and Separation* § 421 (2020) (citing *Lin v. Lin*, 834 S.W.2d 224 (Mo. Ct. App. 1992)).

Additionally, while Jill did not establish the financial information submitted by Scott was inaccurate, even if she had established that fact, Jill still would not have met her burden. Such proof would have constituted intrinsic fraud, not extrinsic fraud:

> Extrinsic fraud is fraud which keeps a party from presenting her case or prevents an adjudication on the merits. *Mauer v. Rohde*, 257 N.W.2d 489, 496 (Iowa 1977)). "Examples of extrinsic fraud are a bribed judge, dishonest attorney representing the defrauded client, or a false promise of compromise." *Id.*
> In contrast, intrinsic fraud is fraud that "inheres in the judgment itself; it includes, for example false testimony and fraudulent exhibits." *B.J.H.*, 564 N.W.2d at 391. "Intrinsic fraud occurs within the framework of the actual conduct of the trial and pertains to and affects the determination of the issue presented therein." *Mauer*, 257 N.W.2d at 496 (internal citations omitted). A party cannot obtain relief from a judgment based on fraud which is based on matters or issues which actually were or could have been presented and adjudicated at trial. *Gigilos v. Stavropoulos*, 204 N.W.2d 619, 621 (Iowa 1973).

*In re Marriage of Bacon*, No. 11-0368, 2011 WL 4579601, at *4 (Iowa Ct. App. Oct. 5, 2011).

The district court's findings are supported by substantial evidence. We agree with the district court that Jill failed to meet the burden of proving extrinsic fraud by clear and convincing evidence. Therefore, we affirm the district court's ruling denying Jill's application to set aside the dissolution decree.

**AFFIRMED**.